UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:17-cr-00071-LRH-WGC |
| Plaintiff, | ORDER |
| v. | |
| BORDEN LAYTHE BITT, | |
| Defendant. | |

Before the Court is Defendant Borden Laythe Bitt's ("Bitt") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. ECF No. 36. The government opposed the motion (ECF No. 40), and Bitt did not reply to the opposition. For the reasons articulated in this Order, the Court denies the motion. Also before the Court is Bitt's request to proceed *in forma pauperis* in his Section 2255 motion. ECF No. 37. The Court grants Bitt's *in forma pauperis* request.

**I.   BACKGROUND**

In August of 2017, a federal grand jury in the District of Nevada returned an indictment charging Bitt with murder within Indian country in violation 18 U.S.C. §§ 1111, 1151, and 1153. ECF No. 11. On February 28, 2018, Bitt pled guilty to the sole charge pursuant to the Plea Agreement. ECF No. 23. According to the Plea Agreement, the parties mutually recommended a sentence of 180-months in prison followed by five-years of supervised release. *Id*. at 7. Additionally in the Plea Agreement, Bitt waived all collateral challenges, "including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of

1

counsel." *Id*. at 9. On June 4, 2018, the Court sentenced Bitt to 180-months imprisonment followed by five-years supervised release. *See generally*, ECF No. 35. The Court entered judgment of conviction on June 6, 2018. *Id*.

More than four years later, on October 17, 2022, Bitt filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. ECF No. 36. The Court addresses Bitt's motion below.

**II.     DISCUSSION**

Section 2255 allows a petitioner to file a motion requesting the court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack." *Id*.; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010).

Bitt argues four grounds in support of his Section 2255 motion: (1) ineffective assistance of counsel, (2) an equal protection violation, (3) a claim under the Administrative Procedure Act, and (4) lack of ability to allocute. ECF No. 36 at 3–7. As to ground one, Bitt argues that his counsel denied him from viewing full discovery, reached the Plea Agreement before he spent "one day in court," and failed to act in his best interest. *Id*. at 3, 4.  As to ground two, Bitt alleges that his race played a large role in denying equal protection and caused him to be treated less favorably. *Id*. at 4, 5. As to ground three, Bitt alleges that the Federal Public Defenders Office is a federal agency under the Administrative Procedure Act and that his counsel's actions are reviewable by the Court because his counsel relied on "cherry [picked] data" to act in a manner contrary to his best interest. *Id*. at 5, 6.  As to ground four, Bitt alleges that he was denied the right to allocute and alleges that mitigating factors which could have influenced his sentence were not considered. *Id*. at 6, 7.

In opposition, the government argues that Bitt's motion is conclusory, without legal merit, and unsupported by facts. *See generally*, ECF No. 40. More specifically, the government alleges that Bitt's motion is untimely, that he has not alleged facts showing he is entitled to equitable tolling, and that he waived grounds two, three, and four of his motion by signing the Plea Agreement. *Id*. at 3–6. As to Bitt's ineffective assistance of counsel claim, the government alleges

that he has failed to demonstrate he was prejudiced by his counsel's actions. *Id*. at 7. The government also alleges that no evidentiary hearing is required here and that the Court should deny a certificate of appealability. *Id*. at 9, 10.

A motion under Section 2255 must be filed within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

A judgment of conviction becomes final after judgment has been entered, appeals have been exhausted, and the time for a petition for certiorari either elapsed or was finally denied. *See United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982) (citing *Linkletter v. Walker*, 381 U.S. 618, 622 n.5 (1965)). In this matter, judgment was entered on June 6, 2018, and Bitt did not appeal or petition for certiorari. Based on Section 2255's one-year statute of limitation requirement, Bitt had until June 6, 2019, to file his motion. Because Bitt filed his motion on October 17, 2022, more than three-years after the deadline, the Court finds that his motion is untimely.

Section 2255's one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) they have been pursuing their rights diligently; and (2) some extraordinary circumstances have stood in their way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The threshold for equitable tolling is "very high" and applied only sparingly. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). In addition, the Section 2255 movant bears the burden of showing that they are entitled to equitable tolling. *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005).

To the extent that Bitt requests equitable tolling of the statute of limitations, he has not met his burden of showing extraordinary circumstances warranting equitable tolling and he has not shown that he acted diligently in pursuing his claims. Bitt acknowledges that his motion was filed

3

beyond the one-year filing deadline, but he argues that he did not have knowledge of this remedy due to the actions of his counsel. ECF No. 36 at 2. Bitt also alleges that his status as a pro se petitioner limited his ability to research and should be taken into consideration. *Id*. "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). The Court finds that Bitt's conclusory allegations as to his counsel and his pro se status do not suffice for pleading he had pursued his rights diligently and do not amount to extraordinary circumstances that prevented him from a timely filing. Therefore, Bitt has failed to plead equitable tolling. Because Bitt's motion is untimely, and he has failed to meet the threshold for equitable tolling, the Court denies his motion.

Furthermore, the Court finds that Bitt's Section 2255 motion lacks legal and factual merit. In the Plea Agreement, Bitt waived all collateral challenges, expressly including "any claims under 28 U.S.C. § 2255" but expressly excluding ineffective assistance of counsel claims. ECF No. 36 at 9. Therefore, grounds two, three, and four of Bitt's motion are unsupported and without legal merit. They are not ineffective assistance of counsel claims and because Bitt previously waived any right to bring them via the Plea Agreement, the Court dismisses them.

As to the ineffective assistance of counsel claim, the Court finds that Bitt has failed to meet the pleading standard which requires that the petitioner plead both deficient performance and prejudice from that deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, Bitt makes high-level allegations and conclusory arguments that his counsel was ineffective without sufficiently demonstrating deficient performance and resulting prejudice. Moreover, Bitt received a mid-range Guideline sentence for the charge to which he pled guilty. *See generally*, ECF No. 35. Such facts strongly cut against any claim that Bitt was prejudiced by his counsel's performance. Accordingly, the Court dismisses ground one of Bitt's Section 2255 motion as it also lacks legal and factual merit.

To proceed with an appeal of this Order, Bitt must receive a certificate of appealability from the Court. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-51 (9th Cir. 2006). For the Court to grant a certificate of appealability, the petitioner

must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The petitioner bears the burden of demonstrating that the issues are debatable among reasonable jurists; that a court could resolve the issues differently; or that the issues are "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 483–84 (citation omitted). As discussed in this Order, Bitt has failed to raise a meritorious challenge to his sentence. As such, the Court finds that he has failed to demonstrate that reasonable jurists would find the Court's assessment of his claims debatable or wrong. *See Allen*, 435 F.3d at 950–51. Therefore, the Court denies Bitt a certificate of appealability.

For these reasons, the Court denies Bitt's motion and denies Bitt a certificate of appealability.

### III.    CONCLUSION

IT IS ORDERED that Bitt's *Request to Proceed In Forma Pauperis in his 2255 Action* (ECF No. 37) is **GRANTED**.

IT IS FURTHER ORDERED that Bitt's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (ECF No. 36) is **DENIED**.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

IT IS FURTHER ORDERED that the Clerk of Court **ENTER** a separate and final Judgment denying Bitt's § 2255 motion. *See Kingsbury v. United States*, 900 F.3d 1147, 1150 (9th Cir. 2018).

IT IS SO ORDERED.

DATED this 1st day of May, 2023.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE